IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alphonso Haynesworth, | C/A No. 2:24-03042-CMC |
| Plaintiff, | |
| v. | |
| Leonka Garvin, Dr. Dube, Lisa Young, Mr. Albrit, SVPTP, Henry McMaster, SC Department of Mental Health, and Alan Wilson, | |
| Defendants. | |
| Alphonso Haynesworth, | C/A No. 2:23-cv-05277-CMC |
| Plaintiff, | |
| v. | |
| Dr. Dube, Dr. Leonka Garvin, Lisa Young, Ron Lawrenz, Stephan Albrecht, Mr. Gaines, And Ms. Thompson, | |
| Defendants. | |

**Order Adopting Report and Recommendation**

Alphonso Haynesworth ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought these consolidated actions alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and of state law in relation to certain disciplinary actions taken against him as a resident of the Sexually Violent Predator Treatment Program ("SVPTP"). The SVPTP is operated by Correct Care of South Carolina within a segregated maximum-security location at Broad River Correctional Institution.

I.      **Factual Background**

Plaintiff is a resident of the SVPTP pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code §§ 44-48-10 – 44-48-170. South Carolina Department of Mental Health ("SCDMH") and the South Carolina Department of Corrections ("DOC") entered an inter-agency agreement whereby SVPTP residents are housed in a free-standing secure treatment facility within Broad River Correctional Institution. On December 1, 2016, operation of the SVPTP was transferred from SCDMH to Correct Care, formerly known as Wellpath Recovery Solutions.

Plaintiff complains of three internal disciplinary actions taken against him between August 2022 and February 2023. In the first, Plaintiff asserts he attempted to raise an issue regarding a step-down program at a community meeting, but was "cut off from speaking" by a staff member because the issue was not a community one. ECF No. 10-2 at 1. Plaintiff alleges Defendants Albrecht and Thompson, social workers in the SVPTP, retaliated against him by issuing an incident report. *Id.*; ECF No. 10-7 at 4. Defendants Young, Thompson, Garvin, and Lawrenz then allegedly violated his right to due process during the disciplinary proceedings that followed. Plaintiff also alleges generally Albrecht, Dube, Garvin, and Young are liable to him for supervisor liability, gross negligence, retaliation, and denial of due process regarding this incident.

Plaintiff next discusses an incident taking place on or around January 14, 2023, in which he asserts he was erroneously charged by Defendant Gains with a violation of facility rules for providing food to a resident. ECF No. 10-2 at 2. Plaintiff alleges Young and Lawrenz violated his due process rights in the resulting disciplinary proceedings, and again generally alleges Defendants Albrecht, Dube, Garvin, and Young are liable to him for supervisor liability, gross negligence, retaliation, and denial of due process. ECF No. 10-7 at 6-7.

2

Finally, Plaintiff alleges he was disqualified from reapplying for certain employment opportunities in his facility as of January 2023. He filed a grievance challenging this disqualification, and was offered an "informal resolution," which he rejected. ECF No. 10-2 at 3. Plaintiff asserts he was then retaliated against in response and was charged with disobeying a direct order. *Id.* He alleges Defendants Young, Garvin, and Lawrenz violated his right to procedural due process during disciplinary proceedings following that charge, and Defendants Albrecht, Dube, Garvin, and Young are liable to him for supervisor liability, gross negligence, retaliation, and denial of due process. He also generally alleges the above conduct caused him emotional distress, which amounted to cruel and unusual punishment in violation of the Eighth Amendment. ECF No. 10-7 at 9.

The Amended Complaint alleges claims pursuant to § 1983 for procedural due process violations, retaliation, and deliberate indifference, as well as state law claims for gross negligence. ECF No. 10. He seeks monetary damages, a declaratory judgment that his rights were violated, and injunctive relief reinstating his facility job and privileges and expunging these disciplinary matters from his institutional record. *Id.* at 6.

## II.     Procedural Posture

As noted above, this case consists of two consolidated matters: Civil Action Numbers 2:24-cv-03042-CMC-MGB and 2:23-cv-05277-CMC-MGB. Plaintiff first filed case -05277 pursuant to § 1983 in this court on October 23, 2023, against Michelle Dube, Leonka Garvin, and Lisa Young, who are listed as employees of Wellpath Recovery Solutions ("Wellpath").[1] Case No.

---

[1] Plaintiff refers throughout to "Wellpath," which Defendants note is now "Correct Care."

05277 at ECF No. 1. On November 16, 2023, he filed an Amended Complaint including Dube, Garvin, and Young, and adding "Mr. Albrite[2], Ron Lawrenz, and Wellpath Recovery Solutions Facility." ECF No. 10 at 1. He alleged due process violations regarding disciplinary offenses within the Wellpath facility.

Plaintiff filed an additional case, originally in state court, against Garvin, Dube, Young, "Albrit," and Wellpath, and in addition Ms. Thompson, SCDMH, Attorney General Alan Wilson, and Governor Henry McMaster[3], alleging unconstitutional treatment, violations of procedural due process, retaliation, denial of mental health care, cruel and unusual punishment, violations of 8th and 14th Amendments, and state law gross negligence claims. Case No. -03042 at ECF No. 1-1 at 7. The case was removed to this court on May 15, 2024. After the removal, Defendants moved to consolidate the cases, ECF No. 4, which was granted, ECF No. 12.[4]

Currently before the court are Plaintiff's Motion for Partial Summary Judgment (ECF No. 122); a Motion for Summary Judgment or, in the Alternative, for Judgment on the Pleadings, filed by Defendants Dube, Garvin, Young, SVPTP, Lawrenz, Albrecht, Gaines, and Thompson ("Wellpath/Correct Care Defendants") (ECF No. 128); a Motion for Summary Judgment filed by SCDMH (ECF No. 131); a Motion for Summary Judgment filed by Defendant Alan Wilson ("Wilson") (ECF No. 132); and Plaintiff's Motion to Strike (ECF No. 141). Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528

---

[2] It appears "Mr. Albrite's" correct name is Stephen Albrecht. ECF No. 32 at 3.

[3] Governor McMaster was later dismissed from the case for failure to prosecute. ECF No. 82.

[4] Case No. -05277 is designated as the lead case, and all subsequent ECF numbers refer to the docket in that case.

F.2d 309 (4th Cir. 1975), advising him of the importance of Defendants' summary judgment motions and the need to file adequate responses. ECF No. 129. All motions have been fully briefed by the parties. ECF Nos. 133, 135, 136, 137, 139, 142, 156, 157.

On September 25, 2025, the Magistrate Judge issued a Report and Recommendation. ECF No. 165. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed timely objections. ECF No. 168.[5] This matter is ripe for the court's review.

### III.     Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[5] No Defendant filed objections or a reply to Plaintiff's objections.

IV. **Discussion**

As an initial matter, Plaintiff asserts a default motion "appears to be pending still and does not appear to have been expressly withdrawn," and Plaintiff contends Defendants "failed to contest this motion is no longer operative or pending." ECF No. 168 at 1.

A motion for default was filed by Plaintiff in the state court case, removed to this court in case No. -03042. ECF No. 1-1 at 21.[6] He contended the Richland County Sheriff served Defendants Dube, Young, Garvin, and the registered agent for Wellpath. *Id.* He also moved for default judgment for $20,000 from Defendants Dube, Young, and Garvin. *Id.* at 29.[7] The Wellpath/Correct Care Defendants (Dube, Garvin, Thompson, Young, Albrecht, and Wellpath) moved for an order setting aside or relieving "the notice of default against them by Plaintiff" in the state court matter. *Id.* at 30. Defendants argued no default should be entered and if it were, it should be set aside. *Id.* at 31. Defendants also filed an Answer to Plaintiff's Complaint in the state court. *Id.* at 37.

There is no entry on the state court docket for default as to the Wellpath Defendants. See https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx; case 2023CP4001992. After the cases were consolidated, the Magistrate Judge entered a Text Order instructing Defendants to "clarify the issue of default" in an upcoming status report; specifically, "whether default was entered against them in state court, and, if so, whether they intend to move for relief

---

[6] These documents were originally filed in the state court and transferred to this court with the removal papers. The removed case involved the "Wellpath Defendants" only, not SCDMH or Wilson.

[7] Plaintiff contends default was entered against Defendant Dube, Young, and Garvin, apparently in state court. The court cannot find a reference to default entered in state court.

6

from entry of default in this court." ECF No. 64. In response, Defendants noted Plaintiff had filed, in state court, a request for entry of default and later a motion for default judgment, in response to which the Wellpath Defendants filed a motion to set aside and an Answer. ECF No. 66 at 3. The Wellpath Defendants assert "no default was entered against Wellpath Defendants in the state court." *Id.* Accordingly, it appears Plaintiff's motions for default and default judgment, as well as the Wellpath Defendants' motion to set aside default, all filed in the state court but transferred to this court upon removal, have not been ruled upon and remain pending.

The court denies Plaintiff's motions for default and default judgment (ECF No. 1-1 at 21, 29). As noted by the Wellpath Defendants in their motion to set aside default filed in state court (ECF No. 1-1 at 30), Plaintiff failed to provide proof of service when he requested entry of default. In an abundance of caution, if default was entered, the court grants the Wellpath Defendants' motion to set aside for good cause. The Wellpath Defendants sought relief from default on the same day they discovered it, and filed their Answer that day as well. *Id.* at 33. It appears Defendants have meritorious defenses, and the case is ready to proceed on the merits. Accordingly, Plaintiff's motions are denied, and the Wellpath Defendants' motion to set aside is granted as needed. This case will continue to a determination on the merits under the Magistrate Judge's Report.

    *a. Defendants SCDMH and Wilson*

In response to Motions for Summary Judgment filed by Defendants SCDMH and Wilson, Plaintiff stated he "hereby agree[d] to have Defendants . . . Alan Wilson [and] SCDMH dismiss[ed]" and he wished "through his request to have them dismiss[ed] entirely." ECF No. 136 at 1. Accordingly, the court dismisses Defendants SCDMH and Wilson without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and their motions for summary judgment (ECF Nos. 131, 132) are moot.

7

### b. Objections to the Report

The Magistrate Judge recommends the Wellpath/Correct Care Defendants' Motion for Summary Judgment be granted, Plaintiff's motion for partial summary judgment be denied, and Plaintiff's motion to strike be denied. ECF No. 165.

#### i. *Plaintiff's Motion to Strike*

The Report recommends denying Plaintiff's motion to strike Defendant's motion for summary judgment. ECF No. 165 at 21. The Magistrate Judge found "no basis to strike any portion of Defendants' Motion for Summary Judgment pursuant to Rule 12(f)." *Id.* at 23. She notes the sufficiency of evidence in support of the dispositive motion is an issue that goes to the merits of the summary judgment motion, and is not a reason to strike. Further, there is no evidence in the record Plaintiff served discovery requests on Defendants regarding video footage or other evidence. To the extent Plaintiff argues Defendants should be sanctioned for failure to preserve video footage, the Report finds Plaintiff has not established prejudice sufficient to award sanctions under Rule 37(e)(1) or (2). *Id.* at 25-26.

Plaintiff does not object to the Magistrate Judge's findings regarding his motion to strike. Accordingly, the court has reviewed this portion of the Report for clear error and, finding none, adopts that portion of the Report. Plaintiff's Motion to Strike (ECF No. 141) is denied.

#### i. *Motions for Summary Judgment*

##### 1. Procedural Due Process

The Report recommends dismissing Plaintiff's procedural due process claims because the record evidence shows he was not punished and thus no liberty interest was implicated after the September 2022 and January 26, 2023, disciplinary proceedings. ECF No. 165 at 29. However, even if a liberty interest was implicated, the Report found Plaintiff received "the minimal

procedural due process protections to which he was entitled with respect to the disciplinary proceedings at issue." *Id.* at 30. Accordingly, the Magistrate Judge recommends denying Plaintiff's Partial Summary Judgment Motion (ECF No. 122) and granting Defendants' Motion for Summary Judgment (ECF No. 128) on the procedural due process claim. *Id.* at 35.

Plaintiff does not make a direct objection to this portion of the Report. He objects generally that Defendants are not immune under the Eleventh Amendment or Sovereign Immunity. ECF No. 168 at 1. He asserts Defendants Dube, Garvin, Young and Albrecht were personally involved with his grievances, and argues Defendants "fail to state a claim upon which relief may be granted and fails to establish a cause of action in their pleadings of summary judgment against Plaintiff Complaint." *Id.* at 2. He does not mention procedural due process or refute any findings of the Magistrate Judge regarding this issue.

Accordingly, the court finds Plaintiff has failed to lodge specific objections regarding the Magistrate Judge's analysis of his procedural due process claims. The court has reviewed that portion of the Report for clear error and, finding none, adopts the Report. Plaintiff's Motion for Partial Summary Judgment (ECF No. 122) regarding procedural due process is denied, and the Wellpath/Correct Care Defendants' Motion for Summary Judgment (ECF No. 128) on this ground is granted. Plaintiff's procedural due process claim is dismissed with prejudice.

2.  Retaliation

Next, the Report analyzed Plaintiff's claims of retaliation against his expression of protected speech, which Plaintiff asserts was a First Amendment violation. The Magistrate Judge evaluated each instance of purported retaliation and found Plaintiff failed to show he suffered adverse action from the alleged retaliation on the first incident, and Defendants would have reached the same decision absent a retaliatory motive. ECF No. 165 at 41. As to the second

incident, Plaintiff failed to establish he was engaged in protected activity under the First Amendment. *Id.* at 43. Finally, on the third incident regarding the grievance form, the Magistrate Judge found Plaintiff was charged with a rule violation for a legitimate reason and Defendants had a permissible basis for charging Plaintiff with disobeying a direct order. The Magistrate Judge recommended granting summary judgment for Defendants on all retaliation claims, and denying Plaintiff's Partial Motion for Summary Judgment. *Id.* at 48.

Plaintiff did file objections regarding the retaliation claims. He asserts Dr. Dube could have denied the grievance at issue in the third incident, instead of charging him with disobeying an order, "but because the grievance was about them they personally retaliated abusing discretion of their authority that the plaintiff had a protected right to address issue and to be free from retaliation by addressing the grievance." ECF No. 168 at 2. Plaintiff further objects to the dismissal of his First Amendment claims as:

> even a blind man could see in the context that when officer of the law that upholds the law arrests someone they must read them their Miranda rights that's protected govern under oath of the constitution. In the same manner in spite of what law are rule in facility, institution, custom of administration policy is govern by that protected right of state of South Carolina Constitution Act, and the United States Constitution that proves equal opportunity.

*Id.* at 4 (errors in original).

The court finds Plaintiff's objections do not alter the conclusions of the Magistrate Judge. The objections are largely nonsensical and do not address the shortcomings in Plaintiff's retaliation claims as identified in the Report. Specifically, Plaintiff does not address that he did not suffer an adverse action regarding the first incident, did not establish he was engaged in protected activity in the second, and was legitimately charged with violating a rule in the third. Although Plaintiff contends Defendants did not have to charge him with violating a rule regarding the grievance in

the third incident, he does not show that doing so was impermissible retaliation or a violation of his rights. Accordingly, the court overrules Plaintiff's objections on his retaliation claims. His Motion for Partial Summary Judgment on retaliation is denied, and the Wellpath/Correct Care Defendants' Motion for Summary Judgment is granted on these claims. The retaliation claims are dismissed with prejudice.

### 3. Deliberate Indifference/Substantive Due Process

The Magistrate Judge construed Plaintiff's final federal claims alleging "deliberate indifference" that caused Plaintiff to "suffer improper procedure of emotional distress that's [sic] cruel and unusual punishment" as alleged violations of substantive due process. ECF No. 165 at 48. The Report concluded Defendants' actions of charging Plaintiff with rules violations were reasonably related to a legitimate governmental objective and were discretionary, subjective decisions made by Plaintiff's treatment team, and recommended granting summary judgment to Defendants. *Id.* at 54. Finally, with respect to Plaintiff's supervisory liability claims, the Report recommends summary judgment as there is no evidence of any constitutional violation committed by an individual supervised by Defendants Albrecht, Dube, Garvin, or Young. *Id.*

Plaintiff does not make specific objections to this portion of the Report regarding deliberate indifference or substantive due process. Other than "objections" as detailed above, Plaintiff

> further contends that Report and Recommendation violated Plaintiff HIPPA Acts right when it base a response in their Report from Defendants of Correct Care comparing him to his diagnoses & risk factor as an exhibit for proof. Plaintiff asserts his Complaint isn't about his civil commitment risk factor, but about several disciplinary actions or infractions that violated his protected right while in treatment for growth and development.

ECF No. 168 at 4 (errors in original).

The court has reviewed the Report for clear error in the absence of specific objections and, finding none, adopts the Report regarding substantive due process/deliberate indifference. These claims, so construed, are dismissed with prejudice.

### 4. State Law Claims

In his Amended Complaint, Plaintiff alleges generally Defendants Albrecht, Dube, Garvin, and Young are "liable onto Plaintiff for gross negligence" and asserts "Defendants were gross negligence [sic] in neglecting the oath of their performance and duties and by abusing their power." ECF No. 10-7 at 6-7.

While the Magistrate Judge recommended declining to exercise jurisdiction over the gross negligence state law claim,[8] Defendants have argued this court should dismiss it for failure to state a claim or, in the alternative, should grant summary judgment to Defendants. ECF No. 128 at 27-28. They assert Plaintiff has not shown the Wellpath/Correct Care Defendants recklessly breached a duty of care owed to him or damages that proximately resulted from that breach. *Id.* at 28.

The court agrees Plaintiff has failed to show evidence of a reckless breach of a duty of care owed to him or resulting damages, as required for a gross negligence claim. Plaintiff did not address the gross negligence claim in his response and supplemental response to Defendants' motion for summary judgment. ECF Nos. 135, 139. Accordingly, his gross negligence claim is dismissed without prejudice.

---

[8] Plaintiff did not raise objections to this recommendation or discuss his gross negligence claim in his objections. ECF No. 168.

### V. Conclusion

Having conducted a *de novo* review of the portions of the Report to which Plaintiff lodged objections, as well as the underlying motions and related memoranda, and having fully considered Plaintiff's objections, the court adopts the Report in part. The Report, therefore, is adopted and incorporated by reference, as supplemented in this order regarding Plaintiff's state law gross negligence claim. Plaintiff's motion for partial summary judgment (ECF No. 122) and motion to strike (ECF No. 141) are denied. Defendants SCDMH and Wilson are dismissed from this action without prejudice pursuant to Rule 41(a)(2), and their motions for summary judgment (ECF Nos. 131, 132) are moot. The Wellpath/Correct Care Defendants' motion for summary judgment (ECF No. 128) is granted. Plaintiff's federal claims are dismissed with prejudice, and his state-law gross negligence claim is dismissed without prejudice. This case is dismissed in its entirety.[9]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 16, 2026

---

[9] Plaintiff's motions for entry of default and for default judgment (Case No. -03042, ECF No. 1-1 at 21; 29), originally filed in state court, are denied. The Wellpath/Correct Care Defendants' motion to set aside default (Case No. -03042, ECF No. 1-1 at 31), is granted.